UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY RAY JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:18-cv-03292-SEB-MPB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion for Leave to File Amended Petition**

The same day that the Court denied petitioner Jeremy Jackson's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, the Court received a motion for leave to file an amended motion from Mr. Jackson. Dkt. 39. He wants to amend his § 2255 motion to include a claim that both trial and appellate counsel provided ineffective assistance by failing to argue that the prior conviction identified in the information filed by the government pursuant to 21 U.S.C. § 851 was not a serious drug felony.

## I.     Procedural History

Judgment in the underlying criminal action against Mr. Jackson was entered on April 7, 2016. *United States v. Jackson*, Case No. 1:14-cr-00096-SEB-TAB-19 ("Crim. Dkt."), dkt. 927. He appealed, and the Seventh Circuit Court of Appeals affirmed his convictions and sentence on August 4, 2017. Because Mr. Jackson did not file a petition for a writ of certiorari, his convictions and sentences became final on November 2, 2017. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). The deadline to file a timely

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was therefore November 2, 2018. 28 U.S.C. § 2255(f).

Mr. Jackson timely filed a § 2255 motion on October 25, 2018, dkt. 1, and this motion became ripe on October 7, 2019—the deadline for Mr. Jackson to file a reply, *see* dkt. 26. He did not file his motion for leave to file an amended petition until July 2020, approximately 9 months after his § 2255 motion became ripe and 20 months after the deadline for filing a § 2255 motion.

## II.   Discussion

"[P]roposed amendments to § 2255 motions are governed by Federal Rule of Civil Procedure 15(a)." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). "Whether or not to grant a defendant's motion to amend his complaint is a decision left to the discretion of the district court." *Id.* The Court may deny a requested amendment "due to undue delay, bad faith, dilatory motive, prejudice or futility." *Id.*

"A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statue of limitations." *Id.* Mr. Jackson's assertion that trial and appellate counsel provided ineffective assistance by failing to challenge the conviction identified in the § 851 information is untimely. His motion for leave to amend was not filed until 20 months after the deadline for filing a § 2255 motion.[1] Therefore, to be considered timely, the claim must relate back to the claims presented in his original § 2255 motion. *Id.* at 981 (recognizing that an otherwise untimely claim raised in a motion to amend may relate back to the original § 2255 motion for purposes of the statute of limitations "where the claim or defense asserted in the amended pleading

---

[1] Additionally, the case upon which Mr. Jackson relies to support his argument, *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), was decided in August 2018, approximately two months before Mr. Jackson filed his original § 2255 motion.

arose out of the conduct, transaction, or occurrence set forth or attempts to be set forth in the original pleading." (internal quotation marks and citation omitted)).

For an untimely claim to relate back to an original, timely § 2255 motion, the claim "must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Id.* (internal quotation marks and citations omitted). The claim must have "more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Id.* (quoting *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002), and collecting cases). Courts uniformly deny amendments "that would add a new claim or theory of relief." *Id.* (collecting cases).

Mr. Jackson's new claim does not relate back to any of the claims asserted in Mr. Jackson's original § 2255 motion. Although he presented several arguments of ineffective assistance of counsel, raising ineffective assistance of counsel claims in both the original § 2255 motion and amended § 2255 motion, standing alone, is not sufficient to show relation back. *See United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision."); *see also United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (same). Rather, the Court must determine whether the new claim asserts "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Mr. Jackson's new claim of ineffective assistance of counsel is "supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. None of the claims presented by Mr. Jackson in his original § 2255 motion addressed the § 851 information and the corresponding statutory mandatory minimum sentence. *See* dkts. 1, 2, 37.

Because there is no claim in his original § 2255 motion that the new claim could relate back to, the new claim violates the one-year statute of limitations applicable to § 2255 motions, and Mr. Jackson's motion for leave to file an amended § 2255 motion must be denied.

### III.  Conclusion

For the foregoing reasons, Mr. Jackson's motion for leave to file an amended petition, dkt. [39], is **denied**.

**IT IS SO ORDERED.**

Date: 7/22/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEREMY RAY JACKSON
12372-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov